[No. 22417. Department One. July 3, 1930.]

PUGET SOUND NAVIGATION COMPANY, *et al., Appellants,*
v. THE DEPARTMENT OF PUBLIC WORKS *et al.,*
*Respondents.*[1]

*Robert Bronson, Wm. H. Gorham,* and *Bronson, Jones & Bronson,* for appellants.

*The Attorney General* and *John C. Hurspool, Assistant,* for respondent Department of Public Works.

*Cleland & Clifford,* for respondent Olympic Peninsula Motor Coach Co.

TOLMAN, J.—This controversy, in its earlier stages, was before the court in the case of *Wolverton Auto Bus Co. v. Robinson,* 151 Wash. 67, 274 Pac. 1056. The facts and issues forming the background for the pres-

[1]Reported in 289 Pac. 1006.

ent litigation are there rather elaborately set forth and discussed, and, in the interest of brevity, we must be content with a mere reference to that case, in the hope that it will be read in connection with what follows.

In the former case, it was held that the ferry company, represented by its receiver, and the stage companies, though constituting connecting carriers, were bound by the regular schedule of rates on file with the department, and could not, by special contract between them, depart therefrom. The case was sent back with leave to the department, through appropriate proceedings, to establish a new general tariff for the service. After the going down of the remittitur in that case, the respondent Olympic Peninsula Motor Coach Company (formerly the Wolverton Auto Bus Company), joined by the respondent Suburban Transportation System, a corporation, instituted this proceeding before the department, complaining of the regularly established schedule of rates, which had been held to be, in effect, by the decision in the prior case, as being "unjust, unfair, unreasonable, more than sufficient and prohibitive." The complainants asked for an investigation by the department, and that, after due notice and a hearing, the department enter an order,

". . . fixing, determining and establishing for the service hereinbefore rendered and the service to be hereinafter rendered, fair, just, reasonable, and sufficient rates and charges for the transportation of complainants' auto stages upon the ferries of the respondents;

". . . and requiring respondents to repay to complainants the amounts heretofore collected in excess of just, fair, reasonable and sufficient rates and charges for the transportation of . . . the auto stages of complainants together with interest on each overcharge from the date of payment."

A hearing was duly had. The department made cer-tain findings of fact and conclusions, and based thereon made an order from which we quote:

"WHEREFORE the department orders that Sound Ferry Lines, Inc., and/or its receiver and/or Puget Sound Navigation Company charge and collect a rate of $1.50 per trip for the service heretofore performed in the transportation between Edmonds and Port Ludlow of auto stages operated in regular schedule through service, and file with this department a tariff naming such rate for the same service to be hereafter performed; and it is further

"ORDERED that all rates of the carriers named now or heretofore filed and in conflict with the said rate of $1.50 be and they hereby are determined to be inapplicable and in excess of a just, fair, reasonable, and sufficient rate for the service described;"

In due course, appellant, by writ of review, brought the matter before the superior court for Thurston county, resulting in a judgment which provides:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the said order of the department of public works of Washington be and the same hereby is in all respects affirmed, including said department's determination of the just, fair, reasonable, sufficient rate applicable both prior and subsequent to the filing of the complaint before the department, save and except only that the court finds and decrees that there is no authority in law for the collection of the undercharge resulting from the difference between the rate fixed by the department and the amounts paid by the respondent stage companies, and in said latter respect only said order is reversed."

This appeal is prosecuted from that judgment.

Appellants seem to contend that the order complained of establishes a private and special rate for the advantage of two particular shippers; that it is arbitrary, because it holds that the rate which our previous decision held to be applicable is, in its judg-

ment, inapplicable; that the new rate is grossly unfair and unjust, and was arbitrarily arrived at in the face of the evidence to the contrary; that the new rate is not based on any unit of quantity, weight or space, and is a device by means of which the earnings of the actual carrier are shared by the others who perform no part of that particular service; that it is retroactive; that it permits the stage carriers to operate over navigable waters without any certificate therefor, and that certain improper evidence was admitted and considered. We cannot discuss these various assignments of error separately and in detail, but must, in the interest of brevity, confine our discussion to the controlling principles.

One of the main questions argued here was recently decided adversely to appellants' present contentions in the case of *Puget Sound Navigation Co. v. Department of Public Works,* 156 Wash. 489, 287 Pac. 672, where commutation rates were upheld. The parties here were not strangers to that case. In its effect, the order now under review establishes what amounts to commutation rates for "auto stages operated in regular schedule through service," and it is not in any sense a private and special rate for the benefit of two particular shippers, but is applicable to all who now or hereafter may operate such a service. The question of what was granted is governed not by the relief the complaint asked for, but by what the order provides. It is true that the use of the term "inapplicable" in the order, as applied to the former scheduled rate, was not a happy mode of expression, but it is clear from the order itself that it was not meant, by the use of that term, that the former rate could not be applied to this particular service, but that, under the facts found, it should not be so applied.

It seems to us that appellants are not now concerned

with the question of the right of stage companies to operate over and across navigable waters, or whether the carrying of the stage with its passengers from one port to the other (the ferry company receiving its share of the passengers' fare) is such an operation. That is a question which might be raised by the department or, perhaps, by others seeking or enjoying a competing service; but here the appellants have heretofore rendered this service without protest, and are apparently willing to continue the service upon a proper rate. The controversy has been and still is, only, What is a proper rate? We must therefore decline to be led afield and confine ourselves to the rate question.

Under the statute law, all carriers are mandatorily required to charge rates and fares "as specified in its schedule filed and in effect at the time," and are prohibited from charging or collecting other or different rates. Rem. Comp. Stat., §§ 10350, 10351, 10434, 10435. Without further analysis, we think that the statute law, when read and considered as a whole, leads to the view, and we must now hold, that, when a rate is filed, published and permitted to become effective by the department, it is and remains, until challenged in the manner provided by statute, the lawful rate, and the only lawful rate, to be charged and collected. Otherwise, the carrier would never know what its lawful earnings were, and could never allocate its earnings to betterments and dividends without the possibility of being embarrassed by delayed orders to make restitution. It cannot be the legislative intent that its only protection in that respect is the two-year limitation contained in the statute. Therefore, when a scheduled rate is challenged, that challenge should affect the scheduled rate only from the date of the fil-

ing of the complaint. *Pacific Coast Elevator Co. v. Department of Public Works,* 130 Wash. 620, 228 Pac. 1022; *Northern Pacific Railway Co. v. Department of Public Works,* 136 Wash. 389, 240 Pac. 362.

The evidence, disregarding that which it is claimed was improperly admitted, seems ample to justify the holding by the department that the new $1.50 rate is fair and sufficient, and we find nothing in the record which points to arbitrary or capricious action.

The judgment of the trial court must be modified by striking therefrom the words "both prior and," and making it so read as to affirm the department in fixing the rate only from the time of the filing of the complaint.

In other respects, the judgment of the trial court will stand affirmed.

MITCHELL, C. J., BEALS, MILLARD, and MAIN, JJ., concur.