[No. 22746.   Department Two.   June 22, 1931.]

J. S. ROBINSON, *as Receiver, Respondent,* v. WOLVERTON AUTO BUS COMPANY, *Appellant.*[1]

*Cleland & Clifford,* for appellant.
*Harroun, Robinson, Maloy & Shidler,* for respondent.

BEALS, J.—This action was instituted by J. S. Robinson, as receiver of Sound Ferry Lines, Inc., a corporation, against Wolverton Auto Bus Company, a corporation (now by change of corporate name Olympic Peninsula Motor Coach Company), for the purpose of recovering judgment for the difference between the

[1]Reported in 300 Pac. 533.

amount actually paid by defendant, between specified dates, to Sound Ferry Lines, Inc., for transportation of defendant's auto stages across Puget Sound and the amount fixed for such transportation in a tariff theretofore filed by Sound Ferry Lines, Inc., with the department of public works.

After the institution of the action, Mr. Robinson was discharged as receiver, and the parties have stipulated that Sound Ferry Lines, Inc., a corporation, may be substituted as plaintiff herein. Upon this stipulation, it is ordered that the substitution therein provided for be made.

Matters connected with the subject of this litigation were considered by this court in the cases of *Wolverton Auto Bus Co. v. Robinson,* 151 Wash. 67, 274 Pac. 1056, and *Puget Sound Navigation Co. v. Department of Public Works,* 157 Wash. 557, 289 Pac. 1006; the latter opinion having been adhered to by a majority of this court sitting *En Banc,* 160 Wash. 703, 295 Pac. 949. Reference is made to these opinions for an extended statement concerning the subject matter of this litigation, which concerns the right of plaintiff company to collect from defendant the difference between the lesser amount paid by defendant and accepted by plaintiff for transporting stages across Puget Sound, and the amount fixed by plaintiff's tariff above referred to as the cost of carriage for each stage.

Trial of the action to the court, sitting without a jury, resulted in judgment in plaintiff's favor for the amount of $6,346.38, which it is admitted is the amount due if, under the law, plaintiff is entitled to recover at all upon the cause of action set forth in its complaint. Defendant appeals from the judgment, contending that it is not liable to plaintiff in any amount.

In the first place, appellant pleaded affirma-

tively in its answer, and now contends, that exclusive jurisdiction concerning the controversy is vested in the department of public works of Washington. This matter was determined by this court contrary to appellant's contention in the case of *Puget Sound Navigation Co. v. Department of Public Works, supra,* and this opinion having been adhered to by a majority of the court sitting *En Banc,* it must now be held as determinative of this question against appellant's contention.

In the next place, appellant contends that the amounts paid to respondent by appellant and accepted by respondent for transportation of appellant's stages were accepted by respondent in full satisfaction and discharge of all claims on the part of plaintiff for such service, and constituted an accord and satisfaction, which in law operates to prevent respondent from establishing in its favor any further recovery. The court heard the evidence introduced by appellant in support of this defense, and found that the appellant's contention had not been sustained.

It appears that, prior to May 1, 1927, respondent filed with the department of public works of Washington a tariff setting forth its rates, the schedule containing, among other schedules, the following: "Touring auto busses or stages over twenty-five passenger capacity, $10." Appellant contends that, because respondent thereafter accepted from appellant for transporting its stages payments less than the rate fixed by the tariff, respondent cannot now recover, for the period during which the schedule above referred to was in force, a sum greater than that which respondent accepted for such transportation. This court, in its opinion in the case of *Wolverton Auto Bus Co. v. Robinson, supra,* referring to the identical tariff here in question, said:

"We are of the opinion that the tariff of July 12, 1926, above quoted, is the existing lawful tariff now governing the transportation of stages over the route of the Ferry Lines, and is applicable to transportation of the stages of the Wolverton Company . . .,"

and quoted § 10354, Rem. Comp. Stat., as follows:

"No common carrier shall charge, demand, collect or receive a greater or less or different compensation for transportation of persons or property, or for any service in connection therewith, than the rates, fares and charges applicable to such transportation as specified in its schedules filed and in effect at the time; . . ."

In the case of *Puget Sound Navigation Co. v. Department of Public Works, supra,* this court upheld an order of the department of public works fixing a rate of a dollar and a half per trip for transporting auto stages, but modified the judgment of the superior court, which affirmed the order of the department of public works, by striking from the order the words "both prior and;" thereby establishing the order of the department as effective only from the date of the filing of the complaint.

The question here presented must, under the prior decisions of this court above referred to, be decided in favor of respondent. The tariff of ten dollars per stage was fixed by a lawful tariff filed by respondent with the department of public works, and, with the other rates fixed by the tariff, was valid and effective until modified. The carrier and its patron cannot evade the collection and payment of such lawful rates by any agreement between themselves. The rate fixed by the lawful tariff on file must be charged and paid. The authorities cited by appellant do not support its contention, and are not here in point. If the rate fixed by the tariff on file was unreasonable, the same was

subject to attack and modification. As long as such rate stood, however, it must be held operative.

The judgment appealed from is affirmed.

TOLMAN, C. J., MILLARD, and BEELER, JJ., concur.