[No. 27213. *En Banc.* January 6, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Albers Bros. Milling Company, Appellant,* v. THE DEPARTMENT OF PUBLIC SERVICE *et al., Respondents.*[1]

*Donald H. Marken,* for appellant.

*The Attorney General, Don Cary Smith, Assistant, Frederick J. Lordan, W. E. McCroskey, Edwin C. Matthias,* and *A. J. Clynch,* for respondent.

[1]Reported in 86 P. (2d) 196.

HOLCOMB, J.—This is an appeal from a judgment which affirmed an order entered by the department of public service dismissing the complaint.

October 19, 1936, appellant filed a complaint with the department of public service in which it alleged that, effective October 28, 1933, respondent railway published a rate on oats in carload quantities of ten cents per one hundred pounds from Anacortes, Bellingham, and Sedro Woolley, Washington, to Seattle, Washington; that this rate appeared in Supplement 28-A of Tariff 10-G, W. D. P. W. No. 344; that respondent assessed and collected from appellant on oats in carload quantities, moving from stations directly intermediate from Bellingham and Sedro Woolley via the same line to appellant's plant at Seattle, a charge of $1.80 per car, plus an emergency charge of ten per cent additional during such time as this charge was lawfully in effect, in addition to freight charges predicated upon a rate of ten cents per one hundred pounds; that respondent, in charging and receiving from appellant the sum of $1.80 per car plus the emergency charge where effective, in excess of the contemporaneous charge accruing upon like carload shipments from more distant points via the same line, was violating Rem. Rev. Stat., § 10358 [P. C. § 5549]; and that respondent commenced the collection of the aforementioned excessive charges on November 8, 1933, on carload shipments of oats originating at Burlington, Washington, moving to appellant's place of business in Seattle. No violation of a Federal statute is involved, but only the state long and short haul statute, and only intrastate and not interstate operations.

Appellant prayed that an order be entered directing respondent to cease and desist from the violation of Rem. Rev. Stat., § 10358, and to pay respondent by way of reparation for the unlawfully collected charges, the

difference between the charges already collected and the lawful and proper charge.

Respondent railway denied that the exaction of the above mentioned charges constituted a violation of the statute in question, denied appellant is entitled to any reparation, and entered a general denial to the complaint.

The facts are not in dispute and were stipulated by the parties. October 28, 1933, respondent railway published a rate in Supplement No. 28-A to the North Pacific Coast Freight Bureau, Tariff No. 10-G, on whole oats in carload quantities of ten cents per one hundred pounds to Seattle, Washington, from Bellingham and Sedro Woolley. Commencing in November, 1933, appellant shipped a quantity of oats from points intermediate to Bellingham and Sedro Woolley via respondent railway. In addition to the rate of ten cents per one hundred pounds for the transportation from stations intermediate to Bellingham, Sedro Woolley, and Seattle, respondent railway company assessed and collected from appellant on such shipments a switching charge of $1.80 per car, which charge was assessed by the Northern Pacific Railway Company for switching cars in Seattle from the Great Northern-Northern Pacific interchange to the plant of appellant. Appellant's plant is located adjacent to the tracks of the Northern Pacific Railway Company and can only be reached by respondent railway through the switching service performed by the Northern Pacific.

The parties stipulated that, in view of the fact that the shipments in question were shipped from noncompetitive points, that is, from stations not served by any other railroad reaching Seattle, respondent railway assessed and collected the switching charge from appellant, since there was no authority published in the Great Northern Railway Tariff GFO 2500-B for the

absorption of such switching charges assessed by the Northern Pacific.

The parties further stipulated that, on carload shipments of oats over a longer route, that is, from Bellingham and Sedro Woolley to Seattle, routed via respondent railway, the switching charge of $1.80 assessed by the Northern Pacific Railway Company at Seattle was absorbed by respondent railway under the provisions of Item 15 of the Great Northern Railway tariff, GFO, 2500-B, and such absorption by respondent railway from these competitive points is the customary manner of publication in order to equalize the charges to the shipper via the two competing carriers.

The parties agreed that the department of public service could decide this matter upon the stipulation and briefs, and enter its order as if a formal hearing had been held. The department entered an order dismissing the complaint and denied the relief prayed for. Thereafter, appellant applied to the superior court of Thurston county for a writ of review, and judgment was entered sustaining the order of dismissal made by the department. From that judgment, this appeal is taken.

Appellant contends the trial court erred in affirming the departmental order for the reason that the aggregate compensation collected by respondent railway exceeded the aggregate compensation which, under the law, it had the right to collect.

The stipulation sufficiently shows the fact to be that the charges upon account of which complainant seeks recovery in this action were made in accordance with the tariffs filed by the carrier with the department of public service. The tariff on file constitutes the "lawful rate," and recovery may not be had on account of charges for shipments made prior to the filing of the complaint in the department of public service. *Puget Sound Nav. Co. v. Department of Public Works,* 157

Wash. 557, 289 Pac. 1006; *State ex rel. Standard Oil Co. v. Department of Public Works*, 185 Wash. 235, 53 P. (2d) 318.

The judgment is affirmed.

ALL CONCUR.